Camille M. Arnold - A2505907 NY (Admitted Pro Hac Vice)
Diane Romaniuk - 0341649 IL (Admitted Pro Hac Vice)
David Terrell - 6196293 IL (Admitted Pro Hac Vice)
Attorneys for the Commodity Futures Trading Commission
525 West Monroe Street
Suite 1100
Chicago, Illinois 60661
(312) 596-0524 (Arnold)
(312) 596-0541 (Romaniuk)
(312) 596-0539 (Terrell)

carnold@cftc.gov
dromaniuk@cftc.gov
dterrell@cftc.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>Tallinex, a/k/a Tallinex, Ltd., and General Trader Fulfillment,<br><br>Defendants. | **CONSENT ORDER OF PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT GENERAL TRADER FULFILLMENT**<br><br>Case No. 2:17 cv 00483<br><br>The Honorable David Nuffer |

## I.   INTRODUCTION

On May 30, 2017, Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), filed a Complaint against Defendant Tallinex, a/k/a Tallinex Limited ("Tallinex"), of Tallin, Estonia, and General Trader Fulfillment ("GTF" or "Defendant"), a Nevada company doing business in Pleasant Grove, Utah. The Commission's Complaint charged Tallinex with making fraudulent misrepresentations and omissions of material fact and engaging in deceptive business practices in violation of Sections 4b(a)(2)(A) and (C) and 6(c)(1) of the Commodity

Exchange Act ("Act"), 7 U.S.C. §§ 6b(a)(2)(A), (C) and 9(1) (2012) and Commission Regulations ("Regulation") 5.2(b)(1) and (3), 5.5 and 180.1, 17 C.F.R. §§ 5.2(b)(1), (3), 5.5 and 180.1 (2017). The Complaint also charged Tallinex with soliciting or accepting orders from customers that are not eligible contract participants ("non-ECPs") located in the United States in connection with forex transactions, to which it offered to be the counterparty, without being registered as a retail foreign exchange dealer ("RFED"), in violation of Section 2(c)(2)(C)(iii)(I)(aa) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) (2012), and Regulation 5.3(a)(6)(i), 17 C.F.R. § 5.3(a)(6)(i) (2017). In the same enforcement action, the Commission charged GTF with soliciting, on behalf of Defendant Tallinex, orders for forex transactions, from U.S. residents who were non-ECPs, without the benefit of registration with the Commission as an introducing broker ("IB"), in violation of Section 4d(g) of the Act, 7 U.S.C. § 6d(g) (2012), and Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2017).

## II. CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against Defendant GTF, without a trial on the merits or any further judicial proceedings, GTF:

1. Consents to the entry of this Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Defendant GTF ("Consent Order");

2. Affirms that it has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

2

4. Admits the jurisdiction of this Court over it and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012);

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1-26 (2012);

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012);

7. Waives:

(a) any and all claims that it may possess under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 (2012) and 28 U.S.C. § 2412 (2012), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2017), relating to, or arising from, this action;

(b) any and all claims that it may possess under the Small Business Regulatory Enforcement Fairness Act of 1996 ("SBREFA"), Pub. L. No. 104-121, §§ 201-53, 110 Stat. 847, 857-74 (codified in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

(c) any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

(d) any and all rights of appeal from this Consent Order;

8. Consents to the continued jurisdiction of this Court over it for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendant GTF in the future resides outside the jurisdiction of this Court;

3

9. Agrees that it will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

10. Agrees that neither it nor any of its agents or employees under its authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect its (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party. GTF shall undertake all steps necessary to ensure that all of its agents and/or employees under its authority or control understand and comply with this agreement;

11. By consenting to the entry of this Consent Order, GTF neither admits nor denies the allegations of the Complaint or the Findings of Fact and Conclusions of Law in this Consent Order, except as to jurisdiction and venue, which it admits. Further, GTF consents to the use of the findings and conclusions in this Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect, without further proof. GTF does not consent, however, to the use of this Consent Order, or the findings and conclusions herein, as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than a) a statutory disqualification proceeding; b) a proceeding in bankruptcy, or receivership; or c) a proceeding to enforce the terms of this Order.

12. Agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 34 of Part VI of this Consent Order of any bankruptcy proceeding filed by, on behalf of, or against it, whether inside or outside of the United States; and

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against GTF in any other proceeding.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

14. The Court, being fully advised in the premises, finds that there is good cause for entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), as set forth herein. The findings and conclusions in this Consent Order are not binding on any other party to this action.

**THE COURT HEREBY FINDS:**

### A. FINDINGS OF FACT

15. The Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1-26 (2012), and the Commission's Regulations promulgated thereunder, 17 C.F.R. pt. 1-190 (2017).

16. Defendant General Trader Fulfillment is a Nevada corporation with its principal place of business at 521 West Center Street, Pleasant Grove, UT 84062. GTF has never been registered with the Commission in any capacity.

17. On October 18, 2010, the Commission adopted Regulation 5.3(a)(5)(i), 17 C.F.R. 5.3(a)(5)(i), which implemented certain provisions of the Dodd-Frank Act, with respect to off-exchange foreign currency ("forex") transactions, to require that any person or entity engaged in soliciting or accepting orders for forex transactions from a customer that is a non-ECP, *i.e.*, individuals with total assets in excess of i) $10 million, or ii) $5 million who entered the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred by the individual," must be registered with the Commission as an introducing broker ("IB").

18. From approximately September 2012 through the present (the "relevant period"), GTF has provided coaching and instruction in trading forex to customers who subscribe to its services. Specifically, when a customer contacts GTF for instruction in trading forex, GTF provides the customer with a "coach," who is paid by GTF, and who GTF claims will teach the customer how to trade forex profitably using a hypothetical account.

19. During the relevant period, at least one GTF coach introduced U.S. customers who were non-ECPs, to Tallinex, an unregistered RFED, for the purpose of opening and maintaining individual retail foreign currency trading accounts at Tallinex and participating in off-exchange retail forex transactions at Tallinex. By so doing, GTF, through the actions of its coach, acted as an IB without being registered with the Commission as such.

B. **CONCLUSIONS OF LAW**

**Jurisdiction and Venue**

20. This Court has jurisdiction over this action pursuant to Section 2(c)(2) and Section 6c of the Act, 7 U.S.C. §§ 2(c)(2) and 13a-1 (2012), which provides that whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage

6

in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder, the Commission may bring an action in the proper district court of the United States against such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder.

21. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), because the Defendant resides in this jurisdiction and the acts and practices in violation of the Act occurred within this District.

22. Section 2(c)(2)(C)(iii)(I)(aa) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I)(aa) (2012), prohibits any person, unless registered with the Commission in such capacity as the Commission by rule, regulation or order shall determine, from soliciting or accepting from retail customers orders for transactions in foreign currency offered on a leveraged or margined basis that do not result in actual delivery and do not create an enforceable obligation to deliver between a seller and a buyer who have the ability to deliver and accept delivery.

23. During the relevant period, GTF's forex transactions described in Part III, Section A, include leveraged or margined forex transactions conducted with non-ECPs at Tallinex, an RFED. These transactions did not result in actual delivery of the traded foreign currency within two days or create an enforceable obligation to deliver the foreign currency between a seller and a buyer that have the ability to deliver and accept delivery, respectively, in connection with their lines of business.

24. During the relevant period, GTF was not exempt from registration under Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C) (2012), which exempts certain financial institutions, registered brokers or dealers, or an associated person thereof, insurance company, financial holding company, or investment bank holding company.

25. Regulation 5.1(f)(1), 17 C.F.R. § 5.1(f)(1) (2017), defines an IB who is engaged in off-exchange forex transactions as any person who solicits or accepts orders from a customer that is not an ECP, *i.e.* individuals with total assets in excess of (i) $10 million, or (ii) $5 million and who entered the transaction "to manage the risk associated with an asset owned or liability incurred, or reasonably likely to be owned or incurred, by the individual." During the relevant period, GTF met the definition of an IB under Regulation 5.1(f)(1), 17 C.F.R. § 5.1(f)(1) (2017).

26. Section 4d(g) of the Act, 7 U.S.C § 6d(g) (2012), prohibits any person from operating as an IB unless registered as such with the Commission. During the relevant period, GTF acted as an IB, as defined in Regulation 5.1(f)(1), and because it failed to register as an IB, it violated Section 4f(g) of the Act.

27. Pursuant to Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2017), all IBs engaged in retail forex transactions, as defined in Regulation 5.1(f)(1), must be registered with the Commission. During the relevant period, GTF acted as an IB, as defined in Regulation 5.1(f)(1), and because it failed to register as an IB, it violated Regulation 5.3(a)(5)(i).

## IV. ORDER OF PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

28. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), Defendant GTF is permanently restrained, enjoined, and prohibited from directly or indirectly:

   A. Acting as an introducing broker by soliciting or accepting orders from any person that is not an eligible contract participant, in connection with retail forex transactions, without being registered with the Commission as an introducing broker, in violation of Section 4d(g) of the Act, 7 U.S.C § 6d(g) (2012); and

   B. Acting as an introducing broker in connection with retail forex transactions, without the benefit of registration with the Commission, in violation of Regulation 5.3(a)(5)(i), 17 C.F.R. § 5.3(a)(5)(i) (2017).

8

29. Until the civil monetary obligation set forth in Part V of this Order is paid to the Commission, GTF is also permanently restrained, enjoined, and prohibited from directly and indirectly:

   A. Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012);

   B. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2017)), for its own personal account or for any account in which it has a direct or indirect interest;

   C. Having any commodity interests traded on its behalf;

   D. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

   E. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

   F. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2017); and/or

   G. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2017)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9).

## V.    CIVIL MONETARY PENALTY

30. GTF shall pay a civil monetary penalty in the amount of eighty-five thousand dollars ($85,000) ("CMP Obligation"), plus post-judgment interest, within thirty (30) days of the date of entry of this Consent Order. If the CMP Obligation is not paid within thirty (30) days of the date of entry of this Consent Order, then post judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using

the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2012).

31. GTF shall pay its CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN: Accounts Receivables
> DOT/FAA/MMAC/AMZ-341
> CFTC/CPS/SEC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-7262 office
> (405) 954-1620 fax
> Nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, GTF shall contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions. GTF shall accompany payment of the CMP Obligation with a cover letter that identifies GTF and the name and docket number of this proceeding. GTF shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

**PROVISIONS RELATED TO MONETARY SANCTION**

32. Partial Satisfaction: Acceptance by the Commission of any partial payment of GTF's CMP Obligation shall not be deemed a waiver of its obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

10

33. **Cooperation:** Defendant GTF shall cooperate fully and expeditiously with the CFTC, including the CFTC's Division of Enforcement, and any other governmental agency in this action, and in any investigation, civil litigation or administrative matter related to the subject matter of this action or any current or future Commission investigation related thereto.

## VI. MISCELLANEOUS PROVISIONS

34. **Notice:** All notices required to be given by any provision of this Order shall be sent by certified mail, return receipt requested as follows:

> Notice to the Commission:
> Director, Division of Enforcement, Commodity Futures Trading Commission,
> Three Lafayette Centre, 1155 21st Street, NW,
> Washington, D.C. 20581.

All such notices to the Commission shall reference the name and the docket number of the action.

35. **Change of Address/Phone:** Until such time as GTF satisfies its CMP Obligation as set forth in this Order, GTF shall provide written notice to the Commission by certified mail of any change to its telephone number and mailing address within ten (10) calendar days of the change.

36. **Entire Agreement and Amendments:** This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

37. **Invalidation:** If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

38. Waiver: The failure of any party to this Consent Order to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

39. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action in order to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendant GTF to modify or for relief from the terms of this Consent Order.

40. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon Defendant GTF, upon any person under its authority or control, and upon any person who receives actual notice of this Consent Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendant.

41. Defendant GTF hereby warrants that this Consent Order has been duly authorized by Kevin Jones and Matt Poll, and that they have been empowered to sign and submit this Consent Order on behalf of GTF.

42. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent

Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

43. **Contempt:** Defendant GTF understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings it may not challenge the validity of this Consent Order.

44. **Agreements and Undertakings:** Defendant GTF shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief against Defendant GTF.

**IT IS SO ORDERED** on this 26th day of June 2018.

_____
Honorable David Nuffer
United States District Judge

**CONSENTED TO AND APPROVED BY:**

Diane M. Romaniuk
Commodity Futures Trading Commission
525 West Monroe Street,
Suite 1100
Chicago, IL 60661
(312) 596-0541
dromaniuk@cftc.gov

General Trader Fulfillment

By: _____
Kevin Jones

Date: 29 JAN 2018

13

By: _____
Matt Poll

Date: 29 Jan 2018

Approved as to form:

By: _____
Erik A. Christiansen, Esq.
Zack L. W:nzeler
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 532-1234

Date: January 29, 2018